# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
STACEY BULLE,

                                      Plaintiff,

- against -

SLADE INDUSTRIES, INC., SLADE ELEVATOR, INC.,
SCHINDLER ENTERPRISES, INC., and SCHINDLER
ELEVATOR CORPORATION,

                                        Defendants.
-----------------------------------------------------------------x

Filed on: 4/29/2021

Index No.: 805965/2021E

Plaintiff designates Bronx
County as place of trial

**SUMMONS**

The basis of venue is
Plaintiff's residence

Plaintiff's residence:
2040 Bruckner Boulevard
Bronx, NY 10473

To the above-named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance on Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       April 5, 2021

                                                                            Yours etc.,

                                                                           SEENER & SEENER, Esqs.

                                                                           **By: Steven Seener, Esq.**
                                                                           *Attorneys for Plaintiff*
                                                                           *Stacey Bulle*
                                                                           48 Wall Street, 11th Floor
                                                                           New York, New York 10005
                                                                           Tel: (212) 766-2050

Defendants' Addresses:

SLADE INDUSTRIES, INC.
137 East 25th Street
New York, NY 10010
and
1101 Bristol Road
Mountainside, NJ 07092
and
c/o Prentice-Hall Corp.
80 State Street
Albany, NY 12207


SLADE ELEVATOR, INC.
137 East 25th Street
New York, NY 10010
and
1101 Bristol Road
Mountainside, NJ 07092

SCHINDLER ENTERPRISES, INC.
9143 Phillips Highway
Jacksonville, FL 32256
and
20 Whippany Road
Morristown, NJ 07960-4539
and
P.O. Box 1697
Quogue, NY 11959

SCHINDLER ELEVATOR CORPORATION
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
===========================================X
STACEY BULLE,                                       INDEX NO. 805965/2021E

                Plaintiff,

     -against-                                    VERIFIED COMPLAINT

SLADE INDUSTRIES, INC., SLADE ELEVATOR,
INC., SCHINDLER ENTERPRISES, INC., and
SCHINDLER ELEVATOR CORPORATION,

                Defendants.
===========================================X

      Plaintiff, complaining of the defendants, by her attorneys, SEENER & SEENER, ESQS. respectfully sets forth and alleges as follows, upon information and belief:

      1.     That all times herein mentioned, plaintiff was a resident of the County of Bronx, City and State of New York.

      2.     That at all times herein mentioned, defendant, SLADE INDUSTRIES, INC., was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

      3.     That at all times herein mentioned, defendant, SLADE INDUSTRIES, INC., was a foreign corporation duly authorized to do business in New York State.

      4.     That at all times herein mentioned, defendant, SLADE ELEVATOR, INC., was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

      5.     That at all times herein mentioned, defendant, SLADE ELEVATOR, INC., was a foreign corporation duly authorized to do business in New York State.

      6.     That at all times herein mentioned, defendant, SCHINDLER ENTERPRISES, INC., was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times herein mentioned, defendant, SCHINDLER ENTERPRISES, INC., was a foreign corporation duly authorized to do business in New York State.

8. That at all times herein mentioned, defendant, SCHINDLER ELEVATOR CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all times herein mentioned, defendant, SCHINDLER ELEVATOR CORPORATION, was a foreign corporation duly authorized to do business in New York State.

10. Upon information and belief, on and before October 17, 2018, the defendant, SLADE INDUSTRIES, INC., entered into an agreement with the New York State Department of Corrections of New York to service, maintain, and repair the elevators, inter alia, at the prison or jail facility located at 31 West 110th Street, New York, New York.

11. Upon information and belief, on and before October 17, 2018, the defendant, SLADE ELEVATOR, INC., entered into an agreement with the New York State Department of Corrections of New York to service, maintain, and repair the elevators, inter alia, at the prison or jail facility located at 31 West 110th Street, New York, New York.

12. Upon information and belief, on and before October 17, 2018, the defendant, SCHINDLER ENTERPRISES, INC., entered into an agreement with the New York State Department of Corrections of New York to service, maintain, and repair the elevators, inter alia, at the prison or jail facility located at 31 West 110th Street, New York, New York.

13. Upon information and belief, on and before October 17, 2018, the defendant, SCHINDLER ELEVATOR CORPORATION, entered into an agreement with the New York State Department of Corrections of New York to service, maintain, and repair the elevators, inter alia, at the prison or jail facility located at 31 West 110th Street, New York, New York.

14. Upon information and belief, on October 17, 2018, the defendant, SLADE INDUSTRIES, INC., maintained, managed, serviced, supervised, and/or repaired the elevator or elevators at 31 West 110th Street, New York, New York.

15. Upon information and belief, on October 17, 2018, the defendant, SLADE ELEVATOR, INC., maintained, managed, serviced, supervised, and/or repaired the elevator or elevators at 31 West 110th Street, New York, New York.

16. Upon information and belief, on October 17, 2018, the defendant, SCHINDLER ENTERPRISES, INC., maintained, managed, serviced, supervised, and/or repaired the elevator or elevators at 31 West 110th Street, New York, New York.

17. Upon information and belief, on October 17, 2018, the defendant, SCHINDLER ELEVATOR CORPORATION, maintained, managed, serviced, supervised, and/or repaired the elevator or elevators at 31 West 110th Street, New York, New York.

18. That upon information and belief defendants, SLADE INDUSTRIES and/or SLADE ELEVATOR INC., were and are subsidiaries of defendant, SCHINDLER ENTERPRISES INC. and/or SCHINDLER ELEVATOR CORPORATION.

19. That on October 17, 2018 the elevator or elevators at 31 West 110th Street, New York, New York were in a dangerous and defective condition and had been in such dangerous and unsafe condition for a long time prior thereto, and said defendants, their agents, servants, and/or employees having negligently and carelessly permitted such elevators to become and remain in said unsafe and dangerous condition; plaintiff may also claim res ipsa loquitur at the trial of this matter.

20. Upon information and belief, on October 17, 2018, the plaintiff, STACEY BULLE, was legally and lawfully using an elevator when she was caused to be injured when the elevator door in the elevator she was using slammed on her hand and failed to properly react and/or retract; the elevator door was missing necessary cushions or guards, or sensors and injured her hand; all injuries were due to the negligence of the defendants, their agents, servants, and/or employees.

21. That the negligence of the defendants consisted in the negligent maintenance, supervision, repair, and control of the said elevator; in causing and creating a dangerous condition conducive to causing damage to those lawfully on the premises; in causing and permitting a dangerous condition to exist; in failing to inspect the elevator; in failing to have the elevator door in proper and safe working order; in failing to have proper sensors or working sensors on the door; in creating and allowing a nuisance to exist; in failing to repair the elevator; in improperly repairing the elevator; in failing to repair the sensors and controls of the elevator; in failing to provide properly for the safety of persons lawfully using the elevator; in failing to give plaintiff warning; in failing to give plaintiff notice; in failing to make adequate and time repairs; in failing to make adequate and timely inspections; in failing to remedy the condition after notice was given; in failing to give plaintiff a safe place within which to work; and in failing to avoid the occurrence although there was an opportunity to do so.

22. That by reason of the foregoing, the plaintiff was rendered sick, sore, lame, and disabled and was injured internally and externally, and has so remained ever since and required medical attention and monies to be expended in and about curing herself of her said injuries and was hindered and disabled from attending to her usual affairs and activities.

23. That the aforesaid dangerous and defective condition or conditions existed for an extensive length of time, and that the defendants, their agents, servants, and/or employees, in the exercise of due care and reasonable inspection, could and should have had knowledge and notice of same.

24. That the aforesaid incident occurred solely and wholly by virtue of the negligence and carelessness of the defendants, their agents, and/or employees and without any negligence on the part of the plaintiff contributing thereto.

25. That solely by reason of the aforesaid, plaintiff was severely and seriously injured; suffered, still suffers, and will continue to suffer for some time to come, great physical and mental

pain and great bodily injuries and became sick, sore, lame, and disabled, and verily believes that some of these injuries may be permanent.

26. That solely by reason of the aforesaid, plaintiff has been obligated to and did obtain medical aid and assistance in an effort to cure herself of her injuries and expended or has become obligated to expend divers sum of money, therefore, and upon information and belief, verily believes that she will be obligated to do in the future, all to her damage.

27. That by reason of the aforesaid, plaintiff has been damaged in a substantial sum of money which exceeds the jurisdictional limits of all the lower courts which would otherwise have jurisdiction.

28. That this case falls within one of the exceptions enumerated in CPLR 1602.

29. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendants in a substantial sum of money which amount exceeds the jurisdictional limits of all the lower courts, and which amount will be determined by a jury or trier of fact against the defendants, together with the interest, the costs, and disbursements of this action.

Dated: New York, New York
April 5, 2021

SEENER & SEENER, ESQS.
BY STEVEN SEENER, ESQ.
*Attorneys for Plaintiff*
*Stacey Bulle*
48 Wall Street, 11th Floor
New York, NY 10005
Telephone No. (212) 766-2050

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the courts of the State of New York, shows that affirmant is a partner in the firm of SEENER & SEENER, ESQS., attorneys of record for the Plaintiff in the within action, that affirmant has read the foregoing Complaint and knows the contents thereof; that the same is true to the affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true.

Affirmant further says that the reason this verification is made by affirmant and not by said Plaintiff is that Plaintiff is not a resident of the County in which affirmant maintains his office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: Document's in affirmant's file.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
April 5, 2021

STEVEN SEENER, ESQ.

8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------X
STACEY BULLE,

INDEX NO.
805965/2021E

                       Plaintiff,

   -against-

SLADE INDUSTRIES, INC., SLADE ELEVATOR,
INC., SCHINDLER ENTERPRISES, INC., and
SCHINDLER ELEVATOR CORPORATION,

                     Defendants.
---------------------------------------------------------X

## SUMMONS AND COMPLAINT

SEENER & SEENER, ESQS.
BY: STEVEN SEENER, ESQ.
*Attorneys for Plaintiff*
*Stacey Bulle*
48 Wall Street, 11th Floor
New York, NY 10005
(212) 766-2050

**CERTIFICATION**

The foregoing PLEADINGS & PAPERS ARE hereby certified pursuant to 22 N.Y.C.R.R. 1301.1

Dated: New York, New York
       April 5, 2021

STEVEN SEENER, ESQ.

9

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** BRONX

-----------------------------------------------------------X
STACEY BULLE,

                                      Plaintiff/Petitioner,

              - against -                    Index No. 805965/2021E

SLADE INDUSTRIES, INC., SLADE ELEVATOR, INC.,
SCHINDLER ENTERPRISES, INC. and SCHINDLER
ELEVATOR CORPORATION,

                                   Defendant/Respondent.
-----------------------------------------------------------X

**NOTICE OF ELECTRONIC FILING**
(Consensual Case)
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The benefits of participating in e-filing include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 4-29-2021

STEVEN SEENER, ESQ
Name
SEENER & SEENER

Firm Name

SEENER & SEENER
Attorneys At Law
48 Wall Street, 11th Floor
New York, NY 10005

Address

48 Wall Street, 11TH FL.
NEW YORK, NY 10005

(212) 766-2050

Phone

SSEENER@AOL.COM
E-Mail

To: _____

_____

_____

6/6/18